UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
SANDRA E. MAZZONI                   )
                                    )
            Plaintiff,              )
                                    )
        v.                          )  Civil Action No. 07-2322 (EGS)
                                    )
STEVEN C. PRESTON,                  )
Administrator,                      )
U.S. Small Business                 )
Administration                      )
                                    )
            Defendant.              )
_____)

**ANSWER**

**First Defense**

Plaintiff has failed to state a claim upon which relief may be granted.

**Second Defense**

In response to the numbered paragraphs of the Complaint, Defendant admits, denies, and avers as follows:

1. Defendant admits that Plaintiff is employed as a Criminal Investigator at the GS-13 level in Los Angeles, California by the U.S. Small Business Administration (SBA) in the Western Region of the Investigations Division of the Office of Inspector General (OIG). To the extent allegations in Paragraph 1 are characterizations of her lawsuit and conclusions

of law, no response is required.  Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.  The first phrase of Paragraph 2 is admitted.  Defendant admits that Plaintiff has received outstanding performance ratings, performance awards and an award from the President's Council on Integrity and Efficiency.  Defendant is without knowledge or sufficient information to form a belief regarding the remaining allegations in Paragraph 2.

3.  Defendant admits that Plaintiff is a Hispanic female and that at the time she initiated the administrative complaint in 2006, she was the only female Hispanic Special Agent employed by SBA OIG.  The remaining allegations of Paragraph 3 are denied.

4.  Defendant admits the first two sentences of Paragraph 4.  Defendant also admits that Mr. O'Rourke, as the concurring official with overall responsibility for the selection, advised Mr. Sanchez that he could not concur in the selection of Plaintiff and that Ms. Overson was the better candidate.  The remaining allegations of Paragraph 4 are denied.

5.  The allegations in paragraph 5 are characterizations of this suit and conclusions of law to which no response is required.  To the extent an answer is deemed required, they are

denied.

6. Paragraph 6 sets forth Plaintiff's request for relief. These allegations are conclusions of law to which no response is required. To the extent an answer is deemed required, they are denied. Defendant specifically denies any unlawful conduct and denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

7. Defendant admits the first and third sentences of Paragraph 7. The allegations in the second sentence of are denied. Defendant is without knowledge or sufficient information to form a belief regarding the remaining allegations in Paragraph 7.

8. Defendant admits sentences one, two, four, and five of Paragraph 8. Defendant admits that OIG is part of SBA and that SBA OIG employs Plaintiff, but denies that it engaged in any discriminatory conduct.

9. This Paragraph is a statement of jurisdiction to which no response is required. To the extent that a response is deemed required, the defendant admits that the Court has jurisdiction under Title VII.

10. Defendant admits that venue is proper in this judicial district but denies the remaining allegations contained in

Paragraph 10.

11. Defendant admits that Plaintiff joined SBA in 1994 as a Criminal Investigator, GS-1811-07 in the Investigations Division of the OIG and was assigned to the OIG Western Region, Los Angeles Office. Defendant also admits that Plaintiff has been promoted four times in the past 10 years and is currently employed as a Criminal Investigator at the GS-13 grade level. Any other allegation is denied.

12.  Defendant admits the first two sentences of Paragraph 12.  The Defendant admits that in April 2006, the Investigations Division had three Regions (Eastern, Central and Western regions) and that an additional region in the south was added later in or about 2006.  Defendant admits that Plaintiff was assigned to the Los Angeles Office which is located in the Western Region.  Defendant admits that the Western Region has offices in Los Angeles, California, Denver, Colorado and Tacoma, Washington.  Any other allegation or inference is denied.

13. Defendant admits that Plaintiff has been employed by SBA OIG as a Criminal Investigator.  Defendant also admits that criminal investigators are generally responsible for handling and investigating matters involving bribery of public officials, money laundering, conspiracy, loan package schemes, employee

theft, and false statements. Defendant also admits that Plaintiff has received "exceeds expectations" and "outstanding" performance ratings in annual appraisals. Any other allegation or inference is denied.

14. Defendant admits that under former Assistant Inspector General for Investigations Richard Smith, Plaintiff was transferred to San Juan, Puerto Rico and that she had primary responsibility for the establishment and development of an OIG office in Puerto Rico. Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendant is without knowledge or sufficient information to form a belief regarding the allegations in Paragraph 15. Therefore, the allegations are denied.

16. Defendant admits that between 2000 to 2004, Plaintiff was assigned to work in Puerto Rico and that during this time, she received "exceeds expectations" performance ratings in her annual performance appraisals. Defendant also admits that Plaintiff established the SBA OIG office in Puerto Rico and that she served as an OIG point of contact for federal and local law enforcement agencies located in Puerto Rico, the U.S. Attorneys' Offices for Puerto Rico and the U.S. Virgin Islands, and SBA employees employed in Puerto Rico and the U.S. Virgin Islands.

Any other allegation or inference is denied.

17. Defendant denies the first sentence of Paragraph 17. Defendant admits that based upon her work in Puerto Rico, Plaintiff obtained an indictment of an SBA official who was convicted of bribery and that she also obtained other indictments and convictions. Defendant also admits that Plaintiff has earned "satisfactory," "outstanding" and "exceeds expectations" ratings in her annual performance reviews while employed by SBA. Defendant also admits that Plaintiff has received an award from the United States President's Council on Integrity and Efficiency for her work in a law enforcement task force in Puerto Rico. Defendant is without knowledge or sufficient information to form a belief regarding the remaining allegations in Paragraph 17. Therefore, the allegations are denied.

18. Defendant admits that Plaintiff served, on a short term basis, as the SBA OIG Acting Chief Inspector in the SBA Headquarters in Washington, D.C. Defendant is without knowledge or sufficient information to form a belief regarding the remaining allegations in Paragraph 18. Therefore, they are denied.

19. Defendant admits that Plaintiff was assigned on or

about July 2000 to work in Puerto Rico.  Defendant also admits that in July 2004, Plaintiff was formally reassigned to the Los Angeles Office in the Western Region.  Defendant also admits that, following her reassignment to Los Angeles, Plaintiff continued working to complete pending cases in Puerto Rico and that she returned to work during her maternity leave in order to assist with prosecutions in the U.S. Virgin Islands and Puerto Rico.  Any other allegation or inference is denied.

    20. Admitted.

    21. Defendant admits that on occasion Plaintiff, in addition to her regular responsibilities, served as the Acting SAIC and attended OIG meetings on behalf of SAIC Sanchez.  Any other allegation or inference is denied.

    22. Defendant admits that at the time Plaintiff initiated her administrative complaint process in 2006, she was the only female Hispanic Special Agent employed by SBA OIG.  Defendant also admits that at this same time, there were only two male Hispanic agents employed in SBA OIG, of whom Mr. Sanchez was one.  Any other allegation or inference is denied.

    23.  Admitted.

    24.  Admitted.

    25.  Admitted.

26. Admitted.

27. Defendant admits the first sentence of Paragraph 27. Defendant also admits that Mr. Sanchez was the supervisor for each of the candidates and would therefore be familiar with each candidate's performance. Defendant also admits that Mr. Sanchez was the selecting official and as such, received and reviewed the candidates' application packages, including the candidates' written KSA responses. Any other allegation or inference is denied.

28. Defendant admits the first sentence and second phrase of the second sentence of Paragraph 28. Defendant denies the first phrase of the second sentence of Paragraph 28.

29. Defendant admits that Plaintiff was reassigned to Puerto Rico for a period of time and that Mr. Sanchez worked directly with each of the three candidates for the position. All remaining allegations contained in Paragraph 29 are denied.

30. Denied.

31. Denied.

32. Defendant admits that Mr. O'Rourke advised Mr. Sanchez that he could not concur with the selection of Plaintiff and that Ms. Overson was the better candidate. Defendant also admits that Mr. O'Rourke had not worked directly with either

Plaintiff or Ms. Overson.  All remaining allegations contained in Paragraph 29 are denied.

33. Defendant admits that Mr. Sanchez was not relieved of his role as selecting official.  All remaining allegations contained in Paragraph 33 are denied.

34. Defendant admits that on Monday, following the interviews, Mr. Sanchez indicated to Mr. O'Rourke that he wanted to select Plaintiff for the position.  All remaining allegations contained in Paragraph 34 are denied.

35. Defendant admits that Mr. O'Rourke advised Mr. Sanchez that he could not concur in the selection of Plaintiff for the position and that Ms. Overson was the better candidate.  All remaining allegations contained in Paragraph 35 are denied.

36. Defendant admits that on April 6, 2006, Mr. Sanchez signed and dated a Competitive Eligibility SBA Form 422, identifying Ms. Overson as the selectee.  Defendant also admits that on the form, Mr. Sanchez wrote "my selection was Sandra Mazzoni, but I was overruled by Dan O'Rourke and Pete McClintock."  All remaining allegations contained in Paragraph 36 are denied.

37. The allegations in Paragraph 39 are conclusions of law to which no response is required.  To the extent an answer is

deemed required, they are admitted.

38.  Admitted.

39.  The allegations in Paragraph 39 are conclusions of law to which no response is required.  To the extent an answer is deemed required, they are admitted.

40.  Defendant incorporates herein by reference the responses to Paragraphs 1-39 as though fully set forth here.

41.  Admitted.

42.  Admitted.

43.  Admitted.

44.  Admitted.

45.  Admitted.

46.  Denied.

47.  Denied.

48.  Denied.

49.  Denied.

50.  Denied.

The remainder of the complaint is plaintiff's prayer for relief.  The defendant denies that the plaintiff is entitled to the relief requested or to any relief whatsoever.

Wherefore, it is respectfully requested that the Court dismiss the Complaint and grant other such relief as it deems

necessary.

                              Respectfully submitted,

                              __/s/_____
                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                              United States Attorney

                              __/s/_____
                              RUDOLPH CONTRERAS, D.C. BAR # 434122
                              Assistant United States Attorney

                              ___/s/_____
                              DIANE M. SULLIVAN, D. C. BAR # 12765
                              Assistant United States Attorney
                              Judiciary Center Building
                              555 Fourth Street, N.W.
                              Room E4919
                              Washington, D.C. 20530
                              (202) 514-7205

Of Counsel:
DEBORAH GUNN
Office of General Counsel
U.S. Small Business Administration